IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XAVIER C. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL  ACTION  NO.  2:08-CV-292-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits

under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., and Title XVI,

42 U.S.C. §§ 1381 *et seq*., Xavier C. Reed ("Reed") received a hearing before an

administrative law judge ("ALJ") who rendered an unfavorable decision.  When the Appeals

Council rejected review,  the ALJ's decision became the final decision of the Commissioner

of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§

405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court

AFFIRMS THE COMMISSIONER'S decision.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The

court cannot conduct a *de novo* review or substitute its own judgment for that of the

Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the

Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*,

67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court

will affirm, even if the court would have reached a contrary result as finder of fact, and even

if the court finds that the evidence preponderates against the Commissioner's decision.

*Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view

the evidence as a whole, taking into account evidence favorable as well as unfavorable to the

decision.  *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the

decision applies incorrect law, or if the decision fails to provide the district court with

sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton*

*v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Reed, age 28 at the time of the hearing, completed twelfth grade and formerly worked

as a fast food cook, materials handler, and automatic presser.[1]  He has not engaged in

substantial gainful work activity since the alleged onset date of December 31, 2003.  Reed

claims he is unable to work because of problems with his left leg and ankle.[2]  The ALJ found

Reed was severely impaired by status post fracture of left ankle times two, essential

hypertension, and morbid obesity, but that he did not have any impairment or combination

of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1.[3]

Reed fractured his left ankle in 1989 and underwent surgery with hardware placement.

He refractured the ankle in 1992.  A consultative examination by Dr. Willis Crawford in

2005 showed Reed's distal tibia fracture had not healed completely.[4]  Dr. Crawford noted

Reed used a cane and favored his left foot, found his general motor strength was 5 out of 5

(with the exception of the left lower leg assessed at 3 out of 5), and observed his ability to

walk with a cane and squat, but not hop.[5]  In addition to recording Reed's complaints of pain

at rest and when standing, and identifying the unhealed fracture, Dr. Crawford diagnosed

essential hypertension and morbid obesity.[6]  Dr. Crawford concluded Reed possessed the

---

[1]R. at 201; 193; 26.

[2]R. at 64.

[3]R. at 21.

[4]R. at 22-24; 121.

[5]R. at 118-119.

[6]R. at 115; 119, 121.

"usual work-related activities such as sitting, standing, walking, lifting, carrying, and handling objects, hearing, speaking, and traveling."[7]   Dr. Crawford's findings were only given "some weight" in limited in a functional capacity assessment completed  by Dr. John Whitehead for the State Disability Determination Service.   Dr. Whitehead found Dr. Crawford's assessment of Reed's ability to work was not "supported totally by the objective evidence in the file," but nonetheless found Reed able to perform light work.[8] Dr. Whitehead also questioned Reed's credibility, and documented his belief that Reed's "statements about his symptoms and functional limitations are partially credible as the severity alleged is not totally consistent with the objective findings . . . in the file." [9]

Reed testified at the hearing that his current weight was 375 pounds and his ankle was so painful he sometimes wanted to cut his foot off.[10]  Reed stated these conditions leave him with very limited daily activities and a need to keep weight off his foot, summarized with "I don't really get out much."[11]   Reed first testified that his mother and sister did all the cooking, but he later described cooking for himself.[12]  Reed also explained he used a four-

---

[7]R. at 119.

[8]R. at 129.

[9]R. at 123-26, 128.

[10]R. at 190, 195.

[11]R. at 192, 196-98.

[12]R. at 192, 197.

pronged cane, but also related the cane was not prescribed by a physician.[13]  A medical

expert, Dr. James Anderson, testified at the hearing that Reed's records showed hypertension,

morbid obesity, pain due to the ankle injury, and active polysubstance abuse (cocaine and

marijuana).[14]  After opining that Reed's impairments did not meet or equal the listings for

any disability, Dr. Anderson stated Reed was limited to light work due to morbid obesity.[15]

Under questioning by Reed's counsel, Dr. Anderson testified the unhealed fracture, or "non-

union," would cause Reed pain at rest and with action unless corrected by surgery.[16]  The

ALJ heard testimony from a vocational expert (VE) who testified Reed's ability to perform

light work would only permit him to resume employment as an automatic presser.  The ALJ

asked whether any additional jobs were classified as light work and within Reed's ability.

The VE listed assemblers, hand packers, and cashiers.[17]

    The ALJ gave substantial weight to Dr. Anderson's medical opinion and adopted his

finding of Reed's ability to perform light work.  The ALJ found Reed's testimony of

disabling pain and functional restrictions were not entirely credible.  Specifically, the ALJ

cited relatively infrequent trips to the doctor for Reed's allegedly disabling symptoms, a use

of medications that did not suggest a disabling impairment, and "generally unpersuasive

---

[13]R. at 198, 73.

[14]R. at 201.

[15]R. at 201-02.

[16]R. at 202-03.

[17]R. at 204.

appearance and demeanor."[18]  Further, the ALJ noted the extremely limited daily activities

reported by Reed were inconsistent with the relatively weak medical evidence in his case,

and that Reed's sporadic work history raised the issue of whether his continued

unemployment is actually due to medical impairments.[19]  The ALJ then adopted the VE's

opinion that Reed could return to his past relevant work as an automatic presser, or perform

new work as an assembler, hand packer, or cashier.  These findings regarding Reed's ability

to work and perform the listed occupations rendered him ineligible for disability benefits

under the Act.[20]

### III.  ISSUES

Reed raises two issues for judicial review:

1.      Whether Reed's impairment satisfied the Listing at 20 C.F.R. Part 404,
        Subpart P, App.1, § 1.06.

2.      Whether the ALJ failed to properly consider Reed's complaints of pain under
        the Eleventh Circuit pain standard.

### IV.  DISCUSSION

**1.      Reed's impairment does not meet or equal the Listing for tibia fracture at 20**

**C.F.R. Part 404, Subpart P, App.1, § 1.06.**

Reed argues his unhealed tibia fracture meets the regulatory listing at 20 C.F.R. Part

404, Subpart P, App. 1, § 1.06, and the ALJ erred by failing to so find.  The Commissioner

---

[18]R. at 25.

[19]R. at 25.

[20]R. at 26-27.

responds Reed's impairment does not meet the listing because he fails to meet both requirements for disability under that listing.

The disability listing at issue, titled "Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones," sets forth the standard for applicants such as Reed who seek benefits for unhealed bone fractures. The listing is met where an applicant presents with "A. Solid union not evident on appropriate medically acceptable imaging and not clinically solid; **and** B. Inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur or is not expected to occur within 12 months of onset." 20 C.F.R. Part 404, Subpart P, App. 1, § 1.06 (emphasis added). *See Dole v. Local Union 317*, 711 F.Supp. 577 (M.D. Ala. 1989) (Noting conjunctive elements are essential for regulatory compliance where such language is used by administrative agency.) The record in Reed's case - both exhibits and expert testimony - clearly establish that Reed's tibia did not heal completely. The Commissioner argues Reed does not qualify for disability because the record demonstrates his ability to ambulate effectively.

The Commissioner's brief sets out Section 1.00B2b in full.[21] In essence, the provision describes effective ambulation as the ability to sustain a "reasonable walking pace over a sufficient distance to be able to carry out activities of daily living," and "the ability to travel without companion assistance to and from a place of employment or school." The record shows Reed could walk without limitation in a post-injury examination conducted in 2002

---

[21]Def. Br. at 9-10.

by Dr. Thirston Phillips.[22]  While Dr. Willis Crawford's examination noted Reed's use of a

cane, he concluded Reed possessed the ability to walk as necessary for work.[23]  Reed also

acknowledged his cane was not prescribed by a medical professional.[24]  Finally, despite some

disagreement with Dr. Crawford's conclusions as to Reed's ability to perform certain types

of work, Dr. John Whitehead nonetheless found Reed could stand and/or walk for a total of

about 6 hours in an 8-hour workday.[25]  The findings by three different medical professionals

are uncontradicted by the record, and the Court finds Reed's apparent ability to walk

prevents him from qualifying for disability under Listing § 1.06.

> **2.      The ALJ Correctly Applied the Eleventh Circuit pain standard.**

Reed argues the ALJ erred in evaluating his pain, and therefore reversal is warranted

because the administrative decision lacks the support of substantial evidence.  The

Commissioner responds that the ALJ properly applied the pain standard, but cited Reed's

credibility and record evidence as bases to discount his subjective complaints of pain.

The five-step sequential analysis set forth in regulations require that a claimant prove

that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.

1999).  The Eleventh Circuit has set forth criteria for establishing a disability based on

testimony of pain and other symptoms.  It explained that

---

[22]R. at 106.

[23]R. at 119.

[24]R. at 73.

[25]R. at 123, 124, 129.

a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.   If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225  (11ᵗʰ Cir. 2002) (citations omitted).  A "claimant's

subjective testimony supported by medical evidence that satisfies the pain standard is itself

sufficient to support a finding of disability."  *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11ᵗʰ

Cir. 1991).   "Indeed, in certain situations, pain alone can be disabling, even when its

existence is unsupported by objective evidence."  *Foote v. Chater*, 67 F.3d 1553, 1561 (11ᵗʰ

Cir. 1995).   An ALJ must explicitly explain why he chose not to credit a claimant's

testimony.  *Brown*, 921 F.2d at 1236.  When evaluating a claim based on disabling subjective

symptoms, the ALJ considers medical findings, a claimant's statements, statements by the

treating physician and evidence of how the pain affects the claimant's daily activities and

ability to work.  20 C.F.R. § 416.929(a).  "The decision concerning the plaintiff's credibility

is a function solely within the control of the Commissioner and not the courts."  *Sellers v.

Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Reed's argument submits that he meets the Eleventh Circuit's test because the record

in his case proves the existence of an underlying medical condition - his unhealed fracture -

which is severe enough to cause disabling pain.  He correctly notes an underlying condition

has been documented by his own and consulting physicians, but he must then satisfy either

9

of the disjunctive prongs, *i.e.*, objective medical evidence confirming the severity of his pain, or that the unhealed fracture is of such severity that it can reasonably be expected to cause the alleged pain.  As discussed above, the consulting physicians found Reed able to work, and their records do not support Reed's claim of disability due to pain.  However, Reed argues the latter prong is satisfied by the severity of his condition, and cites records from his treating physician, Dr. Ireno Domingo, as support for such a finding.

Dr. Domingo's notes acknowledge Reed's use of a walker to ambulate, but do not indicate the device is necessary.[26]  Records show Reed visited Dr. Domingo during the months of July, September, and December of 2006, and February, April, and August of 2007.[27]  These relatively infrequent trips to the doctor were cited by the ALJ as cause to question Reed's allegedly disabling symptoms.  Further, the Court notes there is no record of Dr. Domingo pronouncing Reed unable to work.  In addition to finding Reed's appearance and demeanor generally unpersuasive, the ALJ noted the extremely limited daily activities reported by Reed were inconsistent with the relatively weak medical evidence in his case. A report which Reed completed for his disability appeal, dated June 28, 2005, does not list any current medications for his conditions.[28]  Reed's testimony as to his ability to function showed inconsistencies, as he first testified that his mother and sister did all the cooking, but

---

[26]R. at 178.

[27]R. at 164-66, 176-78.

[28]R. at 95.

10

he later described cooking for himself.[29]   Reed also testified he didn't get out much, but was nonetheless arrested on a drug charge while out with associates a few months before his administrative hearing.[30]   Although Reed demonstrated the underlying medical conditions required under *Wilson*, the credibility issues raised by the record provided specific reasons for the ALJ to discredit his subjective testimony.  *Wilson*, *id.; see also Foote*, 67 F.3d at 1562 (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed).

The ALJ gave well founded, explicit reasons to reject Reed's credibility regarding his testimony about pain and disability.  The given reasons show due consideration of the full record as required by the Eleventh Circuit, and the ALJ cited substantial evidence for his decision on this issue.  The record shows that Reed's credibility and medical evidence did not support a finding that he was unable to perform light work, either as an automatic presser, or in the occupations cited by the VE and adopted by the ALJ as within Reed's ability.  Thus, he  failed to meet his burden of proof, and the court finds no reversible error on this issue.

Done this 12th day of February, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[29]R. at 192, 197.

[30]R. at 192, 199.